**Robinson+Cole**

PATRICK W. BEGOS

1055 Washington Boulevard
Stamford, CT 06901-2249
Main (203) 462-7500
Fax (203) 462-7599
pbegos@rc.com
Direct (203) 462-7550

Also admitted in Massachusetts and New York

*By ECF*

April 13, 2025

**So ordered.**
**/s/ Alvin K. Hellerstein, U.S.D.J.**
**4/15/2025**

Hon. Alvin K. Hellerstein
United States District Court
500 Pearl Street
New York, NY 10007

Re:  **Pistilli v. First Unum Life Insurance Company**
     **Case No. 24-cv-05266.AKH**
     **JOINT LETTER MOTION TO SEAL ADMINISTRATIVE RECORD**

Dear Judge Hellerstein:

This firm represents Defendant, First Unum Life Insurance Company, in this action. I write on behalf of both parties, pursuant to Fed. R. Civ. P. 5.2(d), Sections 6 and 21 of the S.D.N.Y. Electronic Case Filing Rules & Instructions, and Sections 4.B. of Your Honor's Individual Rules of Practice in Civil Cases, to request entry of an order permitting the parties to file a non-redacted administrative record ("Administrative Record") in this ERISA action under seal for judicial review with the Clerk of the Court. The parties are currently briefing a bench trial on a stipulated paper record.

District courts within the Second Circuit "enjoy[] considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in federal courts." *Grayson v. Gen. Elec. Co.*, 2015 WL 1867736, at *1 (D. Conn. Apr. 23, 2015) (citing *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000)).

Good cause exists to seal the Administrative Record, which spans approximately 2,800 pages. These documents are replete with information regarding Plaintiff's medical conditions, diagnosis and treatment that constitutes protected health information ("PHI") under the Health Insurance Portability and Accountability Act ("HIPAA"). *See, e.g.*, *S.W. on behalf of A.W. v. New York City Dep't of Educ.*, No. 22 CIV. 3592 (LGS), 2023 WL 5803415, at *10 (S.D.N.Y. Sept. 7, 2023) (granting motion to seal administrative record because "the Record is voluminous and permeated with confidential information" and "[r]edacting the Record would be unduly burdensome"); *J.M. v. United Healthcare Ins.*, No. 21 CIV. 6958 (LGS), 2023 WL 6542179, at *2 (S.D.N.Y. Sept. 29,

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

**Robinson+Cole**

Hon. Alvin K. Hellerstein
April 10, 2025
Page 2

2023) (granting motion to "seal the entire Administrative Record, which contains highly sensitive personal and medical information of Plaintiff M.M."); *Valentini v. Grp. Health Inc.*, No. 20CV09526 (JPC), 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) ("[B]ecause a plaintiff maintains significant privacy rights to her medical information, courts regularly seal records protected from disclosure by HIPAA."); *Tyll v. Stanley Black & Decker Life Ins. Prog.*, No. 3:17-CV-1591 (VAB), 2020 WL 13149812, at *1 (D. Conn. Feb. 21, 2020) ("The Court granted the parties' joint motion to submit the [over 1200 page] Administrative Record for Judicial Review ('Administrative Record') under seal in order to protect the Plaintiff's and her husband's personal identifiers, medical records, and financial record."); *Offor v. Mercy Med. Ctr.*, 167 F. Supp.3d 414, 445 (E.D.N.Y. 2016) (collecting cases), *vacated in part on other grounds*, 676 Fed. Appx. 51 (2d Cir. 2017) ("Courts in this Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contain such information.").

Accordingly, the parties submit that sealing the entire Administrative Record "is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir.1987)).

In addition, the documents comprising the Administrative Record are laced with references to Plaintiff's social security number, date of birth, home address and other sensitive and personally identifiable information ("PII").

In light of the volume of PHI and PII spanning the Administrative Record, virtually all of the documents submitted for judicial review would need to be redacted. Making the Administrative Record available for public inspection would serve very little, if any, public purpose and would risk significant intrusion on Plaintiff's privacy. Disclosure of the information in the Administrative Record in the public record, if left unredacted in error, could cause serious and irreparable injury to Plaintiff by disclosing highly private and personal information. As a practical matter, there is no less restrictive alternative available than submitting a non-redacted Administrative Record directly to the Clerk of the Court under seal.

In light of all of the foregoing, the parties respectfully requests that the Court enter an order permitting it to file a non-redacted Administrative Record under seal for judicial review with the Clerk of the Court.

Respectfully,

*/s/ Patrick W. Begos*

Copy to:   ECF Service List