UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

LIA PISTILLI,

                          Plaintiff,

     -against-

FIRST UNUM LIFE INSURANCE
COMPANY,

                         Defendant.

------------------------------------------------------------- x

**ORDER DENYING RELIEF FROM JUDGMENT**

24 Civ. 5266 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff Lia Pistilli sued to require Defendant First Unum Life Insurance Company ("First Unum") to accept her claim to be entitled to long-term disability benefits, claiming a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Following a hearing at which Plaintiff testified, I issued Findings of Fact and Conclusions of Law denying Plaintiff's request. ECF No. 39. The facts are set out in detail in that order.

In the order, I held that First Unum "did not act in an arbitrary and capricious manner in denying Pistilli's claim for long-term disability benefits" because "there [was] substantial evidence in the record supporting [] Unum's decision." *Id.* at 19-20. The Clerk of Court entered judgment in favor of First Unum on October 7, 2025, and Plaintiff appealed on November 6, 2025. ECF Nos. 40, 43. Plaintiff's appeal remains pending.

On November 15, 2025, the United States Social Security Administration, Office of Hearings Operations (the "SSA") issued a decision finding that Plaintiff was severely disabled arising from her motor vehicle accident on July 8, 2022. ECF No. 44. Plaintiff filed the instant motion for relief from judgment on December 15, 2025, arguing that the SSA decision entitles her to relief from judgment under Rule 60(b)(2), Fed. R. Civ. P. or, alternatively, an indicative ruling

pursuant to Rule 62.1(a)(3), Fed. R. Civ. P. ECF No. 45. For the reasons stated below, Plaintiff's motion is denied.

## DISCUSSION

**I.    The Court lacks jurisdiction over Plaintiff's Rule 60(b) motion because Plaintiff has appealed.**

As Plaintiff admits, I lack jurisdiction over her Rule 60(b) motion. ECF No. 45 at 8. After a party files a notice of appeal, it "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Therefore, I lack jurisdiction to grant the relief Plaintiff seeks under this motion.

**II.    The Court denies the motion under Rule 62.1(a).**

Plaintiff, in the alternative, seeks an indicative ruling under Rule 62.1(a)(3) that I would grant the Rule 60(b) motion if not divested of jurisdiction. However, Rule 62.1(a) also provides that I may deny a motion that the court lacks jurisdiction over due to a pending appeal. Rule 62.1(a) states:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a).

Pursuant to this authority, I deny Plaintiff's motion on the merits because Plaintiff has failed to establish a right to relief under Rule 60(b).

**A.    Plaintiff's motion fails under Rule 60(b)(2).**

Plaintiff contends that the SSA ruling is a type of newly discovered evidence under Rule 60(b)(2). Rule 60(b)(2) imposes "an onerous standard" where "movant must demonstrate that (1)

2

the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001). Plaintiff's motion fails on at least two points.

First, newly discovered evidence under Rule 60(b)(2) must have existed at the time of trial. *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146 (2d Cir. 2020) ("Newly discovered evidence must be of 'facts that existed at the time of trial'"). Here the SSA decision Plaintiff relies upon did not exist during trial and therefore is not newly discovered under the rule.

Second, even taking Plaintiff's characterization of the decision as newly discovered evidence as true, it is not sufficient to warrant grant of a Rule 60(b) motion because the information would not have changed the outcome of my adjudication. *Int'l Bhd. of Teamsters*, 247 4 F.3d at 392 (evidence must be "of such importance that it probably would have changed the outcome"). The SSA took the same set of facts and reached a different conclusion on a different standard of analysis. Such an administrative body's conclusion has no bearing on my assessment and determination on the facts presented to me and would not, and does not, change my decision.

**B.    Plaintiff's motion fails under Rule 60(b)(6).**

Plaintiff additionally frames her claim as a Rule 60(b)(6) motion. Rule 60(b)(6) acts as a catchall provision to allow relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Such framing is unavailing here, as if "the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)." *Int'l Bhd. of Teamsters*, 247 4 F.3d at 392. Since Plaintiff's

3

claims are directly characterized as under Rule 60(b)(2), Plaintiff cannot make a Rule 60(b)(6) claim.

Even if properly claimed, any relief under Rule 60(b)(6) fails for substantially the same reason as under Rule 60(b)(2): the SSA decision would not have changed the outcome of this litigation.

## CONCLUSION

For the foregoing reasons, Plaintiff's Rule 60(b) and Rule 62.1(a) motions are denied. The Clerk of Court shall terminate ECF No. 44.

SO ORDERED.

Dated:      March 25, 2026
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4